**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 98-4927

DAVID JONES, a/k/a Davey,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.
                                                                 No. 99-4031
D'SHANNA YVONNE RANDALL, a/k/a
Deshanna Cowles, a/k/a Shannon,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 99-4032

KERRY GORDON HOGGE,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of Virginia, at Newport News.
Raymond A. Jackson, District Judge.
(CR-98-10)

Submitted: September 30, 1999

Decided: October 19, 1999

Before WILKINS, WILLIAMS, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Walter C. Whitt, Jr., LAW OFFICES OF WALTER C. WHITT, JR., P.C., Hampton, Virginia; Stephen A. Hudgins, Newport News, Virginia; Stephen J. Weisbrod, Hampton, Virginia, for Appellants. Helen F. Fahey, United States Attorney, Janet S. Reincke, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

David Jones, D'Shanna Randall, and Kerry Hogge appeal from their convictions and sentences for various drug and firearms violations. We affirm.

Appellants first contend that the district court abused its discretion in denying their motion for mistrial on the basis of improper conversations between Government witnesses in the holding cell while they awaited their turn to testify. We review this claim for an abuse of discretion. See United States v. Dorlouis, 107 F.3d 248, 257 (4th Cir.), cert. denied, 117 S. Ct. 2525 (1997). In United States v. Cropp, 127 F.3d 354 (4th Cir. 1997), cert. denied, 118 S. Ct. 898 (1998), this court cited three acceptable remedies for violations of a sequestration order: (1) sanction of the witness; (2) instructing the jury that it may consider the violation in regards to the issue of credibility; or (3)

2

exclusion of the witness' testimony. <u>See</u> 127 F.3d at 363. In this case, the district court chose to instruct the jurors that they could consider the violation when deciding how much credibility to afford witness testimony. Specifically, the court instructed the jury that it:

> should receive [the government's witnesses'] testimony with great caution. You give it such weight as you deem appropriate. Maybe you shouldn't believe any of it, some of it or all of it, that you should review their testimony very carefully in view of the fact that they have been in the same holding cell for several days and there has been some discussion about this case.

(J.A. at 1079-80.) In addition, the court instructed the jury not to consider the testimony of one of the witnesses.[1] The court also, upon the jury's request during deliberations, walked the jury through the holding cell where the prisoner witnesses were held during the trial.

Because the district court's curative measures specifically complied with two remedies approved by this court in <u>Cropp</u>, and because the witnesses' testimony did not materially differ from that presented before the grand jury, we conclude that court did not abuse its discretion in denying the Appellants' motion for mistrial. <u>See Dorlouis</u>, 107 F.3d at 257. For the same reasons, we find that the district court did not abuse its discretion in determining that the interests of justice did not require a grant of a new trial. <u>See</u> Fed. R. Crim. P. 33; <u>United States v. Campbell</u>, 977 F.2d 854, 860 (4th Cir. 1992) (providing standard).[2]

_____

[1] In reaching its decision on the motion for mistrial, the district court noted that the Appellants were provided with grand jury transcripts of the testimony of each witness, and that they failed to demonstrate how any of the witnesses had changed their testimony in any material respect. Only one witness failed to testify before the grand jury, and the court instructed the jury to disregard the testimony of this witness.

[2] The Appellants portray this issue as one involving presentation of perjured evidence. They fail, however, to produce any evidence that the testimony presented was actually perjured. To the contrary, they do not attack the Government's or the district court's determinations that the witnesses' testimony did not materially differ from that which they pre-

3

Appellants next assert that the district court erred in determining the amount of drugs properly attributable to each Appellant. A district court's factual finding of the relevant quantity of drugs at sentencing is reviewed for clear error. See 18 U.S.C.§ 3742(e) (1994); United States v. Fletcher, 74 F.3d 49, 55 (4th Cir. 1996); United States v. Uwaeme, 975 F.2d 1016, 1018 (4th Cir. 1992). Because quantity is not a substantive element of the offense, but is merely a sentencing factor, the Government need only prove the quantity by a preponderance of the evidence. See United States v. Goff , 907 F.2d 1441, 1444 (4th Cir. 1990). In calculating drug amounts, the Guidelines do not require scientific or statistical precision; rather, the court may consider any relevant information, provided that the information has sufficient indicia of reliability to support its probable accuracy. See Uwaeme, 975 F.2d at 1021.

An appellant objecting to a district court's determination of drug quantity has an affirmative duty to show that the information is inaccurate or unreliable. See United States v. Terry , 916 F.2d 157, 162 (4th Cir. 1990) ("A mere objection to the finding in the presentence report is not sufficient. [An appellant] has an affirmative duty to make a showing that the information in the presentence report is unreliable, and articulate the reasons why the facts contained therein are untrue or inaccurate."). Jones and Randall argue only that the evidence of quantities contained in the presentence report is inherently unreliable given the fact that the witnesses were conversing in the holding cell. They did not present this argument below. Rather, Randall withdrew her challenge to the quantity of drugs attributed to her in the presentence report, and Jones argued only that the Government's witnesses were unreliable because they were convicted felons. Assuming that Jones' challenge below is sufficient to preserve the challenge he presently brings, the credibility of witnesses is the domain of the sentencing judge. See United States v. Falesbork, 5 F.3d 715, 721-22 (4th Cir. 1993). Although the court made no specific statement regarding

_____

sented before the grand jury. Moreover, the parties and the court specifically brought the issues of the sequestration violation and possible perjury of the witnesses to the jury's attention, and the court instructed the jury that it could consider this violation and the possibility of perjury in deciding how much to credit the witnesses' testimony.

4

credibility, it did state that it was adopting the findings of the presentence report because that report laid out all of the dates, times, places, and the amount of drugs involved in the case and because the judge was present throughout trial and heard the testimony of the witnesses regarding drug amounts. We find this a sufficient statement that the district court found that testimony to be credible, especially where the court, in conjunction with Appellants' motion for mistrial based upon improper witness conversation, specifically discussed witness credibility and the fact that there appeared to be no significant changes between the witnesses' testimony at trial and their testimony before the grand jury. Accordingly, we conclude that the district court did not clearly err in determining the amount of drugs attributable to Jones and that there is no plain error in its determination of the amount of drugs attributable to Randall.

Hogge raises a separate challenge to the district court's determination of drug quantity. Specifically, he argues that a large portion of the cocaine attributable to him is based upon the strength of the testimony of one witness--Gaylon Lightfoot. Hogge argues that reliance on Lightfoot's testimony constitutes clear error because Lightfoot's own testimony indicates that his memory is poor. Hogge thus argues that Lightfoot's testimony, without substantial corroboration, does not fulfill the requirements of specificity and reliability necessary to support his sentence. Reference to the sentencing transcript reveals that the district court made a clear credibility determination in regard to Lightfoot's testimony. Addressing Hogge's argument, the court stated, "[w]hile the defendant challenges the credibility of Gaylon Lightfoot, the court finds there's adequate evidence in the record to corroborate Gaylon Lightfoot's testimony." (J.A. at 1560.) The corroborative evidence to which the court referred consisted of statements from buyers regarding how much cocaine they had purchased from Hogge, cocaine actually seen by testifying officers, and Hogge's own record books. Given this credibility determination, which is not reviewable on appeal, we conclude that the district court did not clearly err in determining the amount of drugs attributable to Hogge on the basis of Lightfoot's testimony.

Finally, Hogge contends that the district court erred in denying his motion for severance. Although conceding that the district court's denial of such a motion will be overturned only in the case of a clear

5

abuse of discretion, Hogge argues that such an abuse was present because, aside from the testimony of one witness, the evidence against him was mutually exclusive from the evidence against Jones and Randall. This one witness was Gaylon Lightfoot, who testified that he saw Jones at Hogge's house on one occasion and that the two discussed a future drug transaction that apparently never materialized. Although the jury convicted Hogge of conspiring to distribute drugs with Jones, the district court granted Hogge's motion for acquittal on this count.

Federal Rule of Criminal Procedure 8(b) allows for the joinder of defendants in an indictment if they are alleged to have participated in the same series of acts or transactions constituting an offense. Conversely, Fed. R. Crim. P. 14 allows the court to sever a defendant for trial if it appears that the defendant is prejudiced by such a joinder and justice requires such action. The mere showing of prejudice does not necessitate severance. See United States v. Zafiro, 506 U.S. 534, 538-39 (1993). Rather, the district court is vested with the discretion as to what, if any, relief is appropriate for any potential prejudice resulting from a joint trial. See id. This Court therefore reviews a district court's refusal to grant a motion for severance for an abuse of discretion. See United States v. West, 877 F.2d 281, 287-88 (4th Cir. 1989) ("The grant or denial of a motion for severance or mistrial is within the trial court's discretion and will not be overturned absent a clear abuse of that discretion.").

An abuse of this discretion occurs "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539. A defendant does not demonstrate an abuse of discretion merely by showing that he would have a better chance of acquittal in a separate trial. See id. at 540. Rather, he must demonstrate that the resulting trial was so prejudicial that it resulted in a miscarriage of justice. See United States v. Brugman, 655 F.2d 540, 543 (4th Cir. 1981).

Hogge appears to argue that he was prejudiced because he was convicted of a conspiracy charge on which he was later acquitted by the court and that it is impossible to tell whether the jury based its decision on the remaining charges on the testimony of the witnesses deal-

6

ing solely with the actions of Jones and Randall. The Government argues that, although the district court did grant Hogge's motion for acquittal of the conspiracy conviction, this decision was based upon the court's opinion that the Government did not prove a conspiracy between Hogge and Jones, but rather proved only a buyer-seller arrangement.

Although Hogge's attorney correctly noted that Lightfoot was essentially the only witness to connect Hogge to Jones and that the district court did dismiss the conspiracy count against Hogge on the basis that the evidence demonstrated only a buyer-seller relationship, we find that the evidence against Hogge for the counts upon which he was convicted was simply overwhelming. Several witnesses, some of whom testified for the defense, testified that they frequently visited Hogge's house and purchased a wide variety of drugs from him. A law enforcement officer also testified that, during a valid search of Hogge's home, both drugs and drug paraphernalia were recovered. This evidence constituted essentially the entire second half of the Government's case and thus is more likely to have been in the jury's mind when it retired to deliberate. Moreover, the case was not so complex that the jury could not separate the evidence as to each defendant, and Hogge's attorney specifically elicited from each of the witnesses testifying against Jones and Randall that they did not know Hogge and had never seen him. Given the strength of the evidence against Hogge, his attorney's effective cross-examination, and the fact that the district court dismissed the conspiracy charge against Hogge, we find that there is no concern of spill-over evidence and that there is no showing that the trial and conviction were so prejudicial as to have resulted in a miscarriage of justice. See United States v. Hayden, 85 F.3d 153, 160-61 (4th Cir. 1996) (finding no prejudice upon determination that the jury could make an individual finding of guilt and any spill-over effect from evidence admitted against co-defendant did not prejudice defendant).

Accordingly, we affirm Appellants' convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7